UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WISCONSIN

---

THE UNITED STATES OF AMERICA,
on the relation of Jodi Miller,

    Plaintiffs,

v.                                    Case No. 12-cv-885

SSM HOME CARE CORPORATION,
SSM HEALTH CARE CORPORATION,
SSM HEALTH CARE OF WISCONSIN, INC. and
HOME HEALTH UNITED, INC.,

    Defendants.

---

## QUALIFIED PROTECTIVE ORDER
## PURSUANT TO THE HEALTH INSURANCE PORTABILITY AND
## ACCOUNTABILITY ACT OF 1996

---

      Plaintiff, Jodi Miller, by her attorneys, and Defendants, SSM Health Care Corporation, SSM Health Care of Wisconsin, Inc., and Home Health United, Inc., by their attorneys, have by joint motion proposed the following qualified protective order to facilitate the production of documents containing protected health information and other confidential information in the above-captioned litigation. The protections described in the proposed order are intended to safeguard information, documents, and other discoverable materials containing protected health information (as defined at 45 C.F.R. § 160.103; "PHI"), the use and disclosure of which is governed by the Health Insurance Portability and Accountability Act of 1996 ("HIPAA"), Pub. L. No. 104-191, and the HIPAA Privacy Rule, 45 C.F.R. Parts 160, 162, and 164.

      WHEREAS, the parties are engaged in discovery and the exchange of information in this action pursuant to the Federal Rules of Civil Procedure;

WHEREAS, the parties seek an order protecting PHI while ensuring that the parties can obtain and pursue discovery (the "Protective Order");

WHEREAS, the parties through discovery and/or Rule 26 disclosures may produce or be asked to produce PHI and other confidential information;

WHEREAS, non-parties may likewise receive subpoenas requesting the production of PHI;

WHEREAS, HIPAA and the HIPAA Privacy Rule permit the use and disclosure of PHI in a judicial proceeding without notice to patients in certain circumstances and with certain protections for the PHI; and

WHEREAS, pursuant to 45 C.F.R. § 160.103, PHI means:

> individually identifiable health information: (1) Except as provided in paragraph (2) of this definition, that is: (i) Transmitted by electronic media; (ii) Maintained in electronic media; or (iii) Transmitted or maintained in any other form or medium. (2) Protected health information excludes individually identifiable health information in: (i) Education records covered by the Family Educational Rights and Privacy Act, as amended, 20 U.S.C. 1232g; (ii) Records described at 20 U.S.C. 1232g(a)(4)(B)(iv); and (iii) Employment records held by a covered entity in its role as employer.

> Individually identifiable health information is information that is a subset of health information, including demographic information collected from an individual, and: (1) Is created or received by a health care provider, health plan, employer, or health care clearinghouse; and (2) Relates to the past, present, or future physical or mental health or condition of an individual; the provision of health care to an individual; or the past, present, or future payment for the provision of health care to an individual; and (i) That identifies the individual; or (ii) With respect to which there is a reasonable basis to believe the information can be used to identify the individual.

**THEREFORE, IT IS HEREBY ORDERED THAT:**

1. Any documents, information, or tangible things containing or constituting PHI or other confidential information obtained by any party from any person or entity, including non-parties, pursuant to discovery in this litigation may be used only for purposes of preparation and

litigation of this matter. This expressly includes, without limitation, the use of PHI or other confidential information at depositions, at trial, and on appeal, or in support of any motions, oppositions, or replies made during this litigation.

2. PHI may be used and disclosed in accordance with the HIPAA Privacy Rule as a part of the parties' Health Care Operations (as defined at 45 C.F.R. § 164.501) but shall be used and disclosed only as provided herein. However, nothing in this Protective Order affects the rights of any party to make any otherwise lawful use or disclosure of information or documents containing PHI that have been lawfully obtained prior to production pursuant to discovery in this litigation from sources other than the parties.

3. A party or non-party may designate as confidential any document or tangible thing containing PHI, or containing trade secret or other confidential research, development, technical, commercial, financial or private information by clearly marking every page of the document or otherwise prominently displaying on a tangible thing a "CONFIDENTIAL" designation prior to or at the time the producing party or non-party furnishes copies to the receiving party. When documents or tangible things are produced by a non-party, a party will have reasonable time after production to designate such documents or tangible things as "CONFIDENTIAL." In the event that a producing party inadvertently fails to designate its materials as "CONFIDENTIAL," it may later so designate its materials by notifying the receiving party in writing. The receiving party shall take reasonable steps to see that the disclosed information and/or documents at issue are thereafter treated in accordance with the designation, and the late designation shall not be deemed a waiver of the confidential status of the material at issue.

4. Any portions of any deposition transcript containing or including confidential information may be designated "CONFIDENTIAL" by an appropriate statement at the time such testimony is given or thereafter by notifying the other parties in writing of the portions of such testimony to be so designated within thirty days after receipt of the unsigned transcript. Upon such request, the reporter shall mark the original and all copies of the transcript as designated.

5. In accordance with the HIPAA Privacy Rule's minimum necessary standards at 45 C.F.R. §§ 164.502(b) and 164.514(d), any disclosures of documents or tangible things containing PHI by the parties will be limited to minimum PHI necessary for purposes of this litigation.

6. Except with prior written consent of the party or non-party producing it or an order by this Court, information designated "CONFIDENTIAL" may be disclosed only to the following:

    a. The parties, including their respective officers, partners, directors, and employees directly involved in the prosecution or defense of the claims in this action;

    b. Court reporters and videographers who record and/or transcribe depositions or other testimony in this action, and their support staff;

    c. Counsel of record, and their respective support staffs as reasonably necessary, all of whom must be made aware of the terms of this Protective Order;

    d. Experts or independent consultants engaged by counsel to assist in this action, but only after such persons are provided with a copy of this Protective Order and execute a certificate of compliance in the form attached hereto as Exhibit A (a copy of which shall be retained by counsel to the party engaging such expert or independent consultant);

    e. A mediator agreed upon by the parties;

    f.  Former employees of a party or other non-party witnesses (i.e., witnesses who testify at deposition or trial or are interviewed) who execute a copy of Exhibit A hereto;

    g.  Any authors or persons noted on the original document as being a recipient of PHI, or the producing party's deposition witnesses; and

    h.  Vendors to whom disclosure is reasonably necessary for this action and who have a confidentiality policy in place and have been advised that the documents are subject to this Protective Order.

  7.  If a party is served with a request, subpoena, or a court order that would compel disclosure of any confidential material produced to it by the other party, the subpoenaed party must so notify the producing party, in writing (by first class mail, overnight delivery, hand delivery, or e-mail) promptly and in no event more than ten calendar days after receiving the request, subpoena, or court order. Such notification shall include a copy of the request, subpoena, or court order. The subpoenaed party also must promptly inform, in writing, the person who caused the request, subpoena, or court order to issue that some or all of the material covered by the request, subpoena or court order is subject to this Protective Order. In addition, the subpoenaed party must promptly deliver a copy of this Protective Order to the person that caused the request, subpoena or court order to issue. The purpose of imposing these duties is to alert the interested parties to the existence of this Protective Order and to afford the producing party an opportunity to protect confidential materials, including PHI. The producing party shall bear the burdens and the expenses of seeking protection of confidential materials, including PHI. Unless the subpoenaed party has received an order from a court or other competent authority requiring production of the confidential materials, the subpoenaed party shall not produce the confidential materials until the producing party has had at least thirty days after receiving the

required notice from the subpoenaed party, so as to allow the producing party the opportunity to take the steps it deems necessary to protect its interests or otherwise consent to production. Notwithstanding the foregoing, nothing in this Protective Order shall be construed to preclude a party from reporting information, including material designated as "CONFIDENTIAL," to state or federal agencies and/or authorities involved in the regulation of health care without the necessity of following the procedure set forth in this paragraph.

8. The parties shall not be obligated to challenge the propriety of a designation of materials as "CONFIDENTIAL" at the time made, and a failure to do so shall not preclude a subsequent challenge. In the event that any party objects at any time to the designation of material as "CONFIDENTIAL," the objecting party shall notify the producing party in writing of that objection, specifying the designated materials to which the objection is made and the grounds for the objection. The parties first shall try to resolve the issue promptly and in good faith on an informal basis within ten days of service of the written objection. If the dispute cannot be resolved, the objecting party may seek appropriate relief from the Court by noticed motion. The burden of proof will be as provided by law without regard to the fact that the document was designated as "CONFIDENTIAL." Information determined not to be "CONFIDENTIAL" by the Court shall, by reason of such ruling, cease to be subject to the protections of this Protective Order.

9. All documents submitted to the Court which have been designated as "CONFIDENTIAL" or which contain information so designated shall be filed under seal in accordance with Court procedures.

10. Inadvertent production of any document, material, or information that a party later claims should not have been produced because of a privilege, including but not limited to the

attorney-client privilege or work product doctrine, will not be deemed to waive any privilege. A party or non-party may request the destruction of any inadvertently produced privileged document, material or information by identifying the document inadvertently produced and stating the basis for withholding such document from production. In addition, if a party receives a document that it believes is, or may be, privileged, that party must promptly notify the producing party and advise that a privileged or potentially privileged document was produced. The producing party shall promptly investigate and determine whether it inadvertently produced a privileged document. If a party requests the destruction, pursuant to this paragraph, of any inadvertently produced privileged document then in the custody of another party, the possessing party shall within three (3) business days destroy the inadvertently produced privileged item (including all attachments to that item) in its entirety (and all copies thereof), shall expunge from any other document or material information reflecting the contents of the inadvertently produced privileged item, and provide written confirmation of the destruction and expungement. The party destroying such item may not assert the fact or circumstances of such inadvertent production as a basis for any argument or motion, including a motion seeking production of such item.

11. A violation of the terms of this Protective Order may subject those bound by it to sanctions by the Court.

12. This Protective Order shall survive the termination of this action and the Court shall retain jurisdiction to enforce it.

13. Subject to the terms and conditions herein, unless otherwise ordered, within 60 days after the final termination of this action, the parties shall destroy or return to the producing party or non-party all documents produced to them by the producing party or non-party that

contain confidential information, including PHI (including all copies thereof). Notwithstanding this provision, the parties' counsel in this action are entitled to retain an archival copy of all pleadings, motion papers, transcripts, legal memoranda, correspondence or attorney work product, even if such materials contain PHI. Any such archival copies that contain or constitute PHI remain subject to this Protective Order.

Entered this 10th day of SEPTEMBER, 2013.

BY THE COURT:

STEPHEN L. CROCKER
MAGISTRATE JUDGE

## EXHIBIT A

### CERTIFICATE OF COMPLIANCE WITH PROTECTIVE ORDER

I hereby certify that I have carefully read the terms of the Protective Order governing Protected Health Information ("PHI," as that term is defined in the Protective Order) entered by the Court in *The United States of America, on the relation of Jodi Miller v. SSM Home Care Corporation, et al.*, United States District Court for the Western District of Wisconsin, No. 12-cv-885, and that I fully understand the terms of the Protective Order. I recognize that I am bound by the terms of the Protective Order, I agree to comply with its terms, and I understand that I may be subject to sanctions imposed by the Court for a violation of the Protective Order. I hereby consent to be subject to the personal jurisdiction of the United States District Court for the Western District of Wisconsin, with respect to any proceeding arising out of or relating to the enforcement of the Protective Order, including any proceeding relating to a violation of the Protective Order.

_____
Printed Name

_____
Signature

_____
Dated