IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

UNITED STATES OF AMERICA
ex rel., JODI MILLER,

                     Plaintiff,

    v.

SSM HOME CARE CORPORATION,
SSM HEALTH CARE CORPORATION,
SSM HEALTH CARE OF WISCONSIN, INC.
and HOME HEALTH UNITED, INC.,

                     Defendants.

ORDER

12-cv-885-bbc

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

      Several motions are before the court in this case filed under the False Claims Act. First, defendant Home Health United, Inc. and defendants SSM Home Care Corporation, SSM Health Care Corporation and SSM Health Care of Wisconsin, Inc. filed motions to dismiss the case for relator Jodi Miller's failure to give adequate notice of her claims. Dkt. ##23 and 29. In addition, defendant Home Health United filed a motion for leave to file matters outside the pleadings and a motion for leave to file a reply brief in support of that motion. Dkt. ##24 and 32.

      In response to defendants' motions, relator filed both a brief in opposition *and* a motion for leave to file an amended complaint. Dkt. #35. In response to that motion, defendants stated that they do not oppose plaintiff's motion for leave to file an amended

1

complaint. Dkt. #37. In addition, defendants included a request for court assistance without labeling their response as a motion. In particular, defendants ask the court to tell them whether the amended complaint is now the operative pleading and whether their motions to dismiss are moot.

The answer to both questions is yes. As the parties recognize, relator did not need leave of court to file her amended complaint because she filed it within 21 days after defendants filed their motions to dismiss, Fed. R. Civ. P. 15(a)(1)(B), so it is not clear why she accompanied her amended complaint with a motion for leave to file it (or for that matter, why she filed a brief to oppose the dismissal of the previous complaint). As the parties also recognize, "when a plaintiff files an amended complaint, the new complaint supersedes all previous complaints and controls the case from that point forward." Massey v. Helman, 196 F.3d 727, 735 (7th Cir.1999). "Because plaintiffs' amended complaint is now the operative pleading, the motion to dismiss plaintiffs' original complaint is now moot." National Pork Producers Council v. Jackson, 09-cv-73-slc, 2009 WL 1255557, *1 (W.D. Wis. May 1, 2009). See also Hypergraphics Press, Inc. v. Cengage Learning, Inc., No. 08 C 5102, 2009 WL 972823, *1 n.1 (N.D. Ill. Apr. 8, 2009) ("The first amended complaint supercedes the original complaint and, ordinarily, moots a motion to dismiss.").

Accordingly, I am denying both pending motions to dismiss without prejudice to defendants' filing renewed motions to dismiss the amended complaint.

ORDER

IT IS ORDERED that

1. Relator Jodi Miller's motion for leave to file an amended complaint is DENIED as unnecessary. In accordance with Fed. R. Civ. P. 15(a)(1)(B), relator's amended complaint became the operative pleading when she filed it.

2. The motions to dismiss filed by defendants Home Health United, Inc., dkt. #23 and defendants SSM Home Care Corporation, SSM Health Care Corporation, SSM Health Care of Wisconsin, Inc., dkt. #29, and defendant Home Health United's motions for leave to file matters out the pleadings, dkt. #24, and for leave to file a reply brief, dkt. #32, are DENIED as moot. Defendants are free to file renewed motions to dismiss the amended complaint.

Entered this 5th day of December, 2013.

BY THE COURT:
/s/
BARBARA B. CRABB
District Judge