IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

UNITED STATES OF AMERICA
ex rel., JODI MILLER,

                              Plaintiff,

     v.

SSM HEALTH CARE CORPORATION,
SSM HEALTH CARE OF WISCONSIN, INC.
and HOME HEALTH UNITED, INC.,

                              Defendants.

OPINION AND ORDER

12-cv-885-bbc

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

Jodi Miller brought this case under the False Claims Act, 31 U.S.C. § 3729(a)(1), on behalf of the United States. (Because the United States has declined to intervene in the lawsuit, dkt. ##9 and 10, I will refer to Miller simply as "plaintiff" for the remainder of this order.) Plaintiff alleges in her amended complaint that defendants SSM Health Care Corporation, SSM Health Care of Wisconsin, Inc. and Home Health United, Inc. are providers of in-home health care that defrauded the federal government by submitting false claims for reimbursement under the Medicare program. (Plaintiff named SSM Home Care Corporation as a defendant in her original complaint but not in her amended complaint, so I have omitted that party from the caption.) She brings claims under § 3729(a)(1)(A), which imposes penalties on anyone who "knowingly presents, or causes to be presented, a false or fraudulent claim for payment or approval" to the federal government and §

1

3729(a)(1)(B), which applies to anyone who "knowingly makes, uses, or causes to be made or used, a false record or statement material to a false or fraudulent claim."

Two motions to dismiss are before the court, one filed by defendant Home Health United, dkt. #40, and one filed by defendants SSM Health Care Corporation and SSM Health Care of Wisconsin, dkt. #42. In both motions, defendants argue that the amended complaint must be dismissed because plaintiff has not satisfied the pleading requirements of Fed. R. Civ. P. 8 and 9.

In her joint brief in opposition to the motions to dismiss, plaintiff simply fails to respond to some of defendants' arguments. Plaintiff says almost nothing about defendant Home Health United's motion in her brief. In particular, she does not respond to Home Health United's argument that she failed to allege that Home Health United made any false "statements" in violation of § 3729(a)(1)(A) or "knowingly" made any false statements or claims in violation of either § 3729(a)(1)(A) or § 3729(a)(1)(B).

With respect to the SSM defendants, plaintiff ignored their argument that she needed to differentiate SSM Health Care Corporation from SSM Health Care of Wisconsin in her complaint. Vicom, Inc. v. Harbridge Merchandising Services, Inc., 20 F.3d 771, 777-78 (7th Cir. 1994) ("Perhaps the most basic consideration underlying Rule 9(b), the plaintiff who pleads fraud must reasonably notify the defendants of their purported role in the scheme. Therefore, in a case involving multiple defendants, such as the one before us, the complaint should inform each defendant of the nature of his alleged participation in the fraud.") (internal quotations and citations omitted); Sears v. Likens, 912 F.2d 889, 893 (7th Cir.

1990) (under Rule 9, complaint may not "lum[p] all the defendants together"). In addition, plaintiff did not respond to their argument that she did not provide any basis on which this court could infer that defendants submitted the claims at issue to Medicare rather than to a private insurer. United States ex rel. Crews v. NCS Healthcare of Illinois, Inc., 460 F.3d 853, 857-58 (7th Cir. 2006) (affirming dismissal of claim under False Claims Act, noting that "it is entirely possible that all returned drugs were from non-Medicaid patients; there is no evidence to the contrary").

"If [judges] are given plausible reasons for dismissing a complaint, they are not going to do the plaintiff's research and try to discover whether there might be something to say against the defendants' reasoning." Kirksey v. R.J. Reynolds Tobacco Co., 168 F.3d 1039, 1042 (7th Cir. 1999). See also County of McHenry v. Insurance Co. of the West, 438 F.3d 813, 818 (7th Cir. 2006) ("When presented with a motion to dismiss, the non-moving party must proffer some legal basis to support his cause of action.") (internal quotations omitted). Because defendants have given plausible reasons for dismissing plaintiffs' complaint and plaintiff has ignored some of the reasons, I am granting defendants' motions to dismiss.

At this point, plaintiff has two options. First, she may amend her complaint in an attempt to address the deficiencies noted by defendants. United States v. $196,969.00 U.S. Currency, 719 F.3d 644, 647 (7th Cir. 2013). ("[P]arties usually get a chance for a do-over of a complaint that fails to state a claim but may be reparable.") In the alternative, she may file a motion for reconsideration that includes the arguments missing from her brief. If she chooses the latter option, she should address the argument raised in defendants' reply brief

3

that because the federal government possesses many of the documents relevant to plaintiff's claim, she cannot argue successfully that the court should relax the requirements of Fed. R. Civ. P. 9 on the ground that defendants have sole possession of the information plaintiff needs to provide more detailed allegations. United States ex rel. Walner v. NorthShore University Healthsystem, 660 F. Supp. 2d 891, 899 (N.D. Ill. 2009) ("Courts in this district, however, have found that a relaxed pleading standard for a qui tam relator cannot be reconciled with the fact that a qui tam relator is stepping into the shoes of the government.") (citing United States v. Thorek Hospital & Medical Center, No. 04 C 8034, 2007 WL 2484333, *8 (N.D. Ill. Aug. 29, 2007); United States v. Ortho–McNeil Pharmaceutical, No. 03 C 8239, 2007 WL 2091185, *4 (N.D. Ill. July 20, 2007); Bantsolas ex rel. United States v. Superior Air and Ground Ambulance Transport, Inc., No. 01 C 6168, 2004 WL 609793 at *4 (N.D.Ill. Mar. 22, 2004)).

ORDER

IT IS ORDERED that

1. The motions to dismiss filed by defendants SSM Health Care Corporation, SSM Health Care of Wisconsin, Inc., dkt. #42, and Home Health United, Inc, dkt. #40, are GRANTED. Plaintiff Jodi Miller's complaint is DISMISSED WITHOUT PREJUDICE.

2. Plaintiff may have until March 5, 2014 to (1) file an amended complaint that cures the deficiencies identified in this order or (2) file a motion for reconsideration that includes the arguments missing from her opposition brief.

3. If plaintiff does not respond by March 5, 2014, the clerk of court is directed to enter judgment in favor of defendants and close this case.

Entered this 18th day of February, 2014.

                                  BY THE COURT:
                                  /s/
                                  BARBARA B. CRABB
                                  District Judge